IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11084
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RYAN OMAR WHEATON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-60-A
- - - - - - - - - -

* * * * * * * * * * * * * * * *

_____

No. 96-11158
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO BLADE MALANITINI,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-050-A
- - - - - - - - - -

June 20, 1997

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

_____

No. 96-11460
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOROTHY J. GAINEY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-024-1-A
- - - - - - - - - -

Before SMITH, DUHE, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendants-appellants Ryan Omar Wheaton, Antonio Blade
Malanitini (a/k/a Malantini), and Dorothy J. Gainey appeal from
prison sentences imposed by the district court after it had
revoked their terms of supervised release, based on their
violation of conditions of their release.  At their request, the

---

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

defendants' appeals have been consolidated for appeal.

All three defendants contend that the district judge, in sentencing them following the revocation of supervised release, abused his discretion by applying a personal "policy" of sentencing defendants to terms above the ranges listed in policy statements in Chapter 7 of the Sentencing Guidelines. In support of this claim, they call this court's attention to other cases before the same sentencing court that involve the imposition of sentences after the revocation of supervised release. Because this contention is raised by all three defendants for the first time on appeal, it is reviewed only for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). We have reviewed the briefs and the record and we perceive no plain error.

The defendants also argue for the first time on appeal that the policy statements in Chapter 7 of the Sentencing Guidelines are mandatory upon sentencing courts when sentencing for violations of supervised release, and that the sentencing court in their cases failed to apply those statements. This court, however, has already held that the Chapter 7 policy statements are merely advisory. See United States v. Escamilla, 70 F.3d 835, 835 (5th Cir. 1995), cert. denied, 116 S. Ct. 1368 (1996); see also Pruitt v. Levi Strauss & Co., 932 F.2d 458, 465 (5th

Cir. 1991) (one panel may not overrule the decision of a prior panel in the absence of en banc consideration or superseding decision of the Supreme Court).

Finally, defendant Malantini contends for the first time on appeal that the sentencing court denied him his right to cross-examine a Probation Officer on the issue whether he qualified for an exception to the revocation of his supervised release. Malantini has not shown plain error as to this claim.  See Calverley, 37 F.3d at 164.

The appellants' motion for this court to take judicial notice, construed as a motion to supplement the record, is GRANTED.

AFFIRMED.